POLEN, Judge,
concurring specially.
While I agree with the result reached by the majority, I write to note what I perceive to be factual omissions in the majority’s opinion. The two witnesses appellant claims his counsel should have called on his behalf were George Studnicka and Frank Valdes. Both were jail inmates who appeared to have criminal records. Both would have testified to the effect that appellant’s codefendant, Proctor, told them that he (Proctor) committed the murder, and then coerced appellant to help in the cover-up. (Appellant does not explain exactly how he might have been coerced, and this seems a little strange in that the murder victim was appellant's ex-wife.)
The state argues, of course, that trial counsel’s decision not to call these witnesses was a tactical decision, and that their testimony would not have changed the outcome of the case. However, these arguments beg the question. The trial court below simply denied appellant’s motion. (The order entered below refers to it as a “Pro Se Motion to Correct Sentence,” but there is no dispute that it was a motion pursuant to Florida Rule of Criminal Procedure 3.850.) The trial court did not find the motion to be legally insufficient (which as to the single ground discussed here, I would hold it was not), nor did it conduct an evidentiary hearing or attach portions of the record which would refute appellant’s claim. Accordingly, I join in reversing for further proceedings.